E-FILED
Thursday, 26 March, 2026  07:38:34 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| **SARA FANNING, on behalf of her minor child,**  ) | |
| ) | |
| **Plaintiff,**  ) | **Case: 1:26-cv-01115** |
| ) | |
| **v.**  ) | |
| ) | |
| **ECI INVESTMENTS, LLC d/b/a SUBWAY,**  ) | |
| ) | **Jury Trial Demanded** |
| **Defendant.**  ) | |

## COMPLAINT

Plaintiff, Sara Fanning ("Plaintiff"), on behalf of her minor child, by and through the undersigned counsel, hereby files this Complaint against ECI Investments, LLC d/b/a Subway ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII and the IHRA.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.      Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.      This Court has pendent jurisdiction and supplementary jurisdiction of Counts II, IV, and VI through 28 U.S.C. § 1367.

**ADMINISTRATIVE PREREQUISITES**

5.      All conditions precedent to jurisdiction have been satisfied.

6.      Plaintiff filed a charge of discrimination on the behalf of her minor child with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

7.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

**THE PARTIES**

9.      At all times relevant to the allegations of this Complaint, Plaintiff, Sara Fanning, was a natural person, over 18-years-of-age, who resided in Tazewell County, Illinois.

10.     Defendant, ECI Investments, LLC d/b/a Subway, whose address is 1304 N 8th St Pekin, Illinois 61554, is a limited liability corporation specializing in food and restaurant services that at all times material to the allegations in this Complaint was doing business in and for Tazewell County, Illinois.

11.     Plaintiff's minor child was employed by Defendant as an "employee" within the meaning of Title VII, 42 U.S.C § 2000e(f).

12.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**BACKGROUND FACTS**

13.     Plaintiff's minor child worked for Defendant from on or about March 20, 2025, until her unlawful termination on or about November 17, 2025.

2

14.    Plaintiff's minor child met or exceeded Defendant's performance expectations throughout the entire duration of their employment.

15.    Plaintiff's minor child is a member of a protected class because of their sex, female.

16.    Beginning in or around March 2025, Plaintiff's minor child was subjected to repeated sexual comments and inappropriate conduct by a male co-worker.

17.    Throughout her employment, Plaintiff's minor child (17 years old) was subjected to different terms and conditions of employment due to the aforementioned male co-worker, Russ (LNU).

18.    Upon information and belief, Russ was at least 30 years of age.

19.    Russ frequently made unwelcome and inappropriate comments and actions towards Plaintiff's minor child specifically, including positioning himself directly behind Plaintiff's minor child when they bent over at work, stating "you better watch what you're doing with that big old thing, you're distracting me."

20.    Russ also repeatedly commented on Plaintiff's minor child's appearance, including telling customers that she had a "beautiful smile."

21.    Russ's conduct specifically targeted and was motivated by the sex of Plaintiff's minor child.

22.    These comments made Plaintiff's minor child uncomfortable.

23.    Russ's unwelcome and harassing conduct was so severe and pervasive that it created a hostile work environment.

24.    Plaintiff's minor child's friend, who also worked at Subway, reported Russ for making a comment about going to school with her one day and sitting with her during lunch to be able to look at all of the girls, who were also of high school age.

25.    Plaintiff's minor child's friend reported Russ's inappropriate comment to the store manager, Suzette (LNU).

26.    Despite receiving this complaint, Suzette failed to investigate or take corrective action and instead laughed off the report.

27.    Suzette's response and failure to properly handle the complaint indicated to Plaintiff's minor child that Defendant was going to tolerate Russ's misconduct.

28.    This was unsurprising because Suzette often participated in the sexually inappropriate conversations.

29.    Suzette and Russ regularly made inappropriate jokes and innuendos about getting each other wet in front of Plaintiff's minor child and other employees.

30.    Suzette openly talked about purchasing new toys at a sex store, while Russ made crude comments about having had sex with a woman in a walk-in cooler.

31.    These remarks made Plaintiff's minor child feel uncomfortable.

32.    Plaintiff's minor child asked Russ to refrain from making such comments in their presence since they are a minor, but nothing changed.

33.    On October 22, 2025, Plaintiff's minor child was working alongside Russ and Suzette.

34.    During a conversation about disciplining children, Plaintiff's minor child commented that one should not put their hands on children who are not their own.

35.    Russ responded by making a sexually suggestive remark, stating that Plaintiff's minor child's mother should have disciplined them long ago and that he should become their stepfather, adding that he would "discipline your mom [Plaintiff] in ways you can't imagine."

36.    Russ then made a comment about spanking in a sexual manner.

4

37.    Disturbed by the comment, Plaintiff's minor child fell silent, prompting Russ to mock them, asking, "What's wrong cupcake? Why'd you quit talking?"

38.    Feeling sickened and helpless, Plaintiff's minor child took a break and called Plaintiff, seeking advice on how to handle the situation because they could no longer stand to be in this environment.

39.    That evening, Plaintiff's minor child reached out to the District Manager, Justin Johnson.

40.    On October 23, 2025, Justin spoke with Plaintiff's minor child by phone.

41.    Plaintiff's minor child reported to Justin the sexual harassment Russ subjected them to, including all the above examples.

42.    Justin assured Plaintiff's minor child that the complaint would remain confidential.

43.    Following the conversation with Plaintiff's minor child, Justin sent a long text message to the work group chat reminding everyone of the sexual harassment policy.

44.    As Plaintiff's minor child, Russ, and Suzette were the only employees present during the October 22 incident, Suzette was aware that Plaintiff's minor child had made the complaint.

45.    Suzette responded to the message in the group chat by asking if consensual hugging was allowed.

46.    Suzette's message did not appear to be a genuine question and almost like she was mocking the seriousness of the issue.

47.    Following the complaint, Plaintiff's minor child's work hours were drastically reduced.

48. On October 24, 2025, the new schedule for the week of October 29, 2025, showed only 9 hours for Plaintiff's minor child (three 3-hour shifts).

49. When Plaintiff's minor child inquired about the reduction in hours, Justin stated that the schedule had already been set before their meeting.

50. However, Plaintiff's minor child was certain that the schedule was not set prior to her meeting with Justin.

51. Additionally, the reduced hours appeared to be in response to Plaintiff's minor child's complaint because Plaintiff's minor child and Russ typically worked together, and the new schedule had them working separately.

52. Justin also mentioned that the reduction may be performance related.

53. However, Plaintiff's minor child had not received any recent write-ups, and their hours had never been reduced prior to their complaint.

54. When the following weekly schedule came out on October 29, 2025, Plaintiff's minor child was scheduled for only 6 hours.

55. When the next schedule came out on November 5, Plaintiff's minor child was scheduled for only 7 hours, and a new employee had been hired and scheduled for 13 hours of training.

56. When the next schedule came out on November 11, Plaintiff's minor child was again scheduled for only 6 hours.

57. And when the next schedule came out on November 17, Plaintiff's minor child was scheduled for only 3 hours.

58. The reduction in Plaintiff's minor child's hours occurred immediately after Plaintiff's minor child reported the sexual harassment.

59.    Prior to making the complaint, Plaintiff's minor child had consistently been scheduled for 22 to 27 hours per week, similar to other co-workers.

60.    Moreover, following Plaintiff's minor child's complaint, they were subjected to noticeably different treatment by Suzette and other co-workers, who began ignoring them, ceasing nearly all communication and walking past them as though they were invisible.

61.    On or about November 17, 2025, Plaintiff's minor child felt compelled to resign due to the hostile and retaliatory environment.

62.    Plaintiff's minor child notified Suzette via text message, stating that, due to the sexual harassment and clear retaliation, including the significant reduction in hours following the complaint, they were resigning effective immediately.

63.    As a result of the hostile environment and the reduction in hours following the complaint, Plaintiff's minor child felt compelled to resign on November 17, 2025.

64.    Plaintiff's minor child's resignation constituted constructive discharge.

65.    Plaintiff's minor child was retaliated against, and their employment was ultimately constructively discharged for opposing unlawful discrimination and for exercising their protected rights.

66.    Plaintiff's minor child engaged in protected activity by reporting the sex-based discrimination and harassment to Defendant.

67.    Plaintiff's minor child engaged in protected activity by opposing Defendant's unlawful discrimination and harassment.

68.    Plaintiff's minor child was targeted and retaliated against because of their sex and for reporting illegal activity.

69.    Plaintiff's minor child suffered multiple adverse employment actions including but

7

not limited to being constructively discharged.

70.    Furthermore, Plaintiff's minor child suffered multiple adverse actions, including but not limited to the significant reduction of scheduled hours, hostile work environment, and constructive discharge, shortly after they reported the sex-based discrimination and harassment to Defendant.

71.    There is a basis for employer liability for the discrimination and harassment that Plaintiff's minor child was subjected to based on their sex because Defendant tolerated and allowed the discrimination and harassment to continue despite Plaintiff's minor child's reports and retaliated against Plaintiff's minor child for opposing and reporting unlawful conduct.

72.    Defendant failed to provide Plaintiff's minor child with a safe working environment and failed to take any meaningful action to stop the ongoing harassment.

73.    At all relevant times, Suzette was the store manager and had authority to make and implement terms and conditions of Plaintiff's employment.

74.    At all relevant times, Justin was the District Manager and had authority to make and implement terms and conditions of Plaintiff's employment.

75.    Accordingly, because Suzette and Justin knew of unlawful conduct and failed to take immediate and reasonable action upon Plaintiff's minor child's reports, while acting within the scope of their employment, Defendant is strictly liable for the unlawful discrimination, harassment and retaliation Plaintiff's minor child was subjected to during their employment.

76.    Plaintiff's minor child can show that they engaged in statutorily protected activity—a necessary component of their retaliation claim—because Plaintiff's minor child opposed and reported sex-based harassment and discrimination.

8

77. The temporal proximity between Plaintiff's minor child report of sexual discrimination and harassment to Defendant and Defendant's retaliatory actions, gives rise to a strong inference that the termination was motivated by Plaintiff's minor child's sex and engagement in protected activity.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

78. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

79. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff's minor child based on their sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

80. Plaintiff's minor child was a member of a protected class under Title VII, due to their sex.

81. Plaintiff's minor child met or exceeded performance expectations.

82. Plaintiff's minor child was treated less favorably than similarly situated employees outside of their protected class.

83. Defendant changed the terms and conditions of Plaintiff's minor child's employment and, ultimately, constructively discharged Plaintiff's minor child after they opposed and reported sexual discrimination and harassment to Defendant.

84. Defendant acted in willful and reckless disregard for Plaintiff's minor child's protected rights.

85. At all relevant times, Suzette and Justin were managerial employees of Defendant with authority to make and implement final employment decisions, including the authority to make significant scheduling changes for Plaintiff's minor child and terminate their employment.

9

86.     Accordingly, because Plaintiff's minor child's schedule changes and constructive discharge were decided and/or carried out by the store manager and District Manager acting within the scope of employment, Defendant is strictly liable for the discriminatory practices and termination decision under Title VII.

87.     As a direct and proximate result of the discrimination described above, Plaintiff minor child has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Illinois Human Rights Act, 775 ILCS 5/
### (Sex-Based Discrimination)

88.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

89.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff's minor child based of Plaintiff's minor child's sex, in violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

90.     Plaintiff's minor child was a member of a protected class under the IHRA, due to their sex.

91.     Plaintiff's minor child met or exceeded performance expectations.

92.     Plaintiff's minor child was treated less favorably than similarly situated employees outside of their protected class.

93.     Defendant changed the terms and conditions of Plaintiff's minor child's employment and, ultimately, constructively discharged Plaintiff's minor child after they opposed and reported sexual discrimination and harassment to Defendant.

94.     Defendant acted in willful and reckless disregard for Plaintiff's minor child's protected rights.

95.    At all relevant times, Suzette and Justin were managerial employees of Defendant with authority to make and implement final employment decisions, including the authority to make significant scheduling changes for Plaintiff's minor child and terminate their employment.

96.    Accordingly, because Plaintiff's minor child's schedule changes and constructive discharge were decided and/or carried out by the store manager and District Manager acting within the scope of employment, Defendant is strictly liable for the discriminatory practices and termination decision under the IHRA.

97.    As a direct and proximate result of the discrimination described above, Plaintiff's minor child has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex-Based Harassment)

98.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

99.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff's minor child to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

100.    Plaintiff's minor child's is a member of a protected class under Title VII due to their sex.

101.    Plaintiff's minor child was subjected to sexually discriminatory and harassing conduct.

102.    Plaintiff's minor child reported unlawful conduct to Defendant.

103.    Defendant knew or should have known of the harassment.

104.    The sex-based harassment was severe or pervasive.

11

105. The sex-based harassment was offensive subjectively and objectively.

106. The sex-based harassment was unwelcomed.

107. Defendant acted in willful and reckless disregard of Plaintiff's minor child's protected rights.

108. At all relevant times, Suzette and Justin were managerial employees of Defendant with authority to make and implement final employment decisions, including the authority to make significant scheduling changes for Plaintiff's minor child and terminate their employment.

109. Accordingly, because Plaintiff's minor child's schedule changes and constructive discharge were decided and/or carried out by the store manager and District Manager acting within the scope of employment, Defendant is strictly liable for the discriminatory practices and termination decision under Title VII.

110. As a direct and proximate result of the sex-based harassment described above, Plaintiff's minor child has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Illinois Human Rights Act, 775 ILCS 5/
### (Sex-Based Harassment)

111. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

112. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff's minor child to sex-based harassment, in violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

113. Plaintiff's minor child's is a member of a protected class under the IHRA due to their sex.

114.    Plaintiff's minor child was subjected to sexually discriminatory and harassing conduct.

115.    Plaintiff's minor child reported unlawful conduct to Defendant.

116.    Defendant knew or should have known of the harassment.

117.    The sex-based harassment was severe or pervasive.

118.    The sex-based harassment was offensive subjectively and objectively.

119.    The sex-based harassment was unwelcomed.

120.    Defendant acted in willful and reckless disregard of Plaintiff's minor child's protected rights.

121.    At all relevant times, Suzette and Justin were managerial employees of Defendant with authority to make and implement final employment decisions, including the authority to make significant scheduling changes for Plaintiff's minor child and terminate their employment.

122.    Accordingly, because Plaintiff's minor child's schedule changes and constructive discharge were decided and/or carried out by the store manager and District Manager acting within the scope of employment, Defendant is strictly liable for the discriminatory practices and termination decision under the IHRA.

123.    As a direct and proximate result of the sex-based harassment described above, Plaintiff's minor child has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

124.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

13

125.    By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff's minor child because they opposed the sex-based discrimination and harassment, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

126.    Plaintiff's minor child's is a member of a protected class under Title VII due to their sex.

127.    During Plaintiff's minor child's employment with Defendant, Plaintiff's minor child reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

128.    Additionally, Plaintiff's minor child opposed her co-workers' sex-based discrimination and harassment.

129.    As such, Plaintiff's minor child engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

130.    In response to Plaintiff's minor child's complaint of sex-based discrimination and harassment, Defendant failed to conduct a prompt, thorough, and objective investigation.

131.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff's minor child.

132.    Plaintiff's minor child suffered an adverse employment action in retaliation for engaging in protected activity.

133.    Defendant's retaliatory conduct toward Plaintiff's minor child illustrated a willful and/or reckless violation of Title VII.

134.    At all relevant times, Suzette and Justin were managerial employees of Defendant with authority to make and implement final employment decisions, including the authority to make significant scheduling changes for Plaintiff's minor child and terminate their employment.

14

135. Accordingly, because Plaintiff's minor child's schedule changes and constructive discharge were decided and/or carried out by the store manager and District Manager acting within the scope of employment, Defendant is strictly liable for the discriminatory practices and termination decision under Title VII.

136. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff's minor child has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT VI
**Violation of the Illinois Human Rights Act (775 ILCS 5/)**
**(Retaliation)**

137. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

138. By virtue of the foregoing, Defendant retaliated against Plaintiff's minor child based on Plaintiff's minor child's reporting of sex-based discrimination and harassment, thereby violating the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

139. Plaintiff's minor child is a member of a protected class under the IHRA due to their sex.

140. During Plaintiff's minor child's employment with Defendant, Plaintiff's minor child reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

141. Additionally, Plaintiff's minor child opposed her co-workers' sex-based discrimination and harassment.

142. As such, Plaintiff's minor child engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

143. In response to Plaintiff's minor child's complaint of sex-based discrimination and harassment, Defendant failed to conduct a prompt, thorough, and objective investigation.

15

144. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff's minor child.

145. Plaintiff's minor child suffered an adverse employment action in retaliation for engaging in protected activity.

146. Defendant's retaliatory conduct toward Plaintiff's minor child illustrated a willful and/or reckless violation of the IHRA.

147. At all relevant times, Suzette and Justin were managerial employees of Defendant with authority to make and implement final employment decisions, including the authority to make significant scheduling changes for Plaintiff's minor child and terminate their employment.

148. Accordingly, because Plaintiff's minor child's schedule changes and constructive discharge were decided and/or carried out by the store manager and District Manager acting within the scope of employment, Defendant is strictly liable for the discriminatory practices and termination decision under the IHRA.

149. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff's minor child has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

 a. Back pay with interest;

 b. Payment of interest on all back pay recoverable;

 c. Front pay;

 d. Loss of benefits;

 e. Compensatory and punitive damages;

16

f.    Reasonable attorneys' fees and costs;

g.    Award pre-judgment interest if applicable; and

h.    Award Plaintiff any and all other such relief as the Court deems just and

proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: March 26, 2026.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**CHASIDY K. CLARK, ESQ.**
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: 630-575-8181
ceisenback@atlaslawcenter.com
nvolheim@atlaslawcenter.com
cclark@atlaslawcenter.com
*Counsel for Plaintiff*

17